# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       Plaintiff,

     v.                        Case No. 14-CR-78

KEVIN R. ARMS, et al.,

       Defendants.

# RECOMMENDATIONS AND ORDERS REGARDING THE DEFENDANTS' PRETRIAL MOTIONS

Procedural History ................................................................................................ 2

Motions to Dismiss ............................................................................................... 4

  Count Five ........................................................................................................... 4

  Count Twenty-seven .......................................................................................... 5

    Notice of Penalties ........................................................................................ 5

    Enterprise ..................................................................................................... 10

    Pattern of Racketeering Activity Element ................................................ 13

    Lack of Temporal Specificity ..................................................................... 15

  Count Twenty-Eight ........................................................................................ 16

Motions for Bill of Particulars .......................................................................... 18

Motions Regarding the Grand Jury .................................................................. 29

Motion to Strike Surplusage .............................................................................. 32

Misjoinder and Severance .................................................................................. 33

**Motion for *Santiago* Hearing**............................................................................. 37

**Motions under FRE 404(b)**.................................................................................. 39

**Motion to Exclude Witness Testimony**............................................................. 42

**Expert Witnesses** ................................................................................................. 43

**Rule 1006**.................................................................................................................. 45

**Motion to Preserve Agent Notes** ....................................................................... 47

**Motion to Disclose Confidential Informants and Unnamed Members of the Arms Enterprise**............................................................................................................... 47

**Motions Adopted by Moffett**............................................................................... 48

**Bailey's Motion to Suppress Identification and Request for an Evidentiary Hearing** 50

**Conclusion**............................................................................................................... 55

## I.  Procedural History

The grand jury in this district on April 1, 2014, returned a 25 count indictment charging 27 individuals with various violations of federal law. (ECF No. 1.) Most notably, Count One alleged a drug distribution conspiracy dating back to "at least 2007" and involving 13 of the defendants; and Count Five charged three defendants with homicide in furtherance of a drug trafficking conspiracy, an offense for which the death penalty was a possibility. (ECF No. 1.) The government has since filed notice that it does not intend to seek the death penalty. (ECF No. 348.) On August 19, 2014, the grand jury returned a superseding indictment that among other things added two defendants to the indictment and two defendants to the conspiracy charge in Count One. (ECF No. 285.) A second superseding indictment was returned on January 20, 2015, which added a defendant to Count One, added additional detail to Count Five, and added a RICO

(Racketeer Influenced and Corrupt Organizations) charge against six defendants (Count Twenty-Seven) and a VICAR (Violent Crime in Aid of Racketeering) charge against three defendants (Count Twenty-Eight). (ECF No. 501.)

Due to the complexity of this case, the court excluded significant periods of time under the Speedy Trial Act to afford the defendants adequate time to prepare. After multiple scheduling conferences (ECF No. 200, 241, 358, 394) and requests for additional time from various defendants (ECF Nos. 379, 382, 383, 384, 385, 390, 392, 416), November 21, 2014 was the latest any pretrial motion was to be filed with respect to the first superseding indictment (ECF No. 395; text only order of November 14, 2014). Over two-dozen motions were filed. The government responded to those motions, and January 13, 2015 was the latest any defendant was permitted to submit a reply.

Following the return of the second superseding indictment, the court afforded affected defendants additional time to file motions precipitated by the second superseding indictment. Nine additional motions were filed. (ECF Nos. 557, 563, 564, 565, 566, 567, 568, 569, 570.) Briefing on these additional motions closed on April 17, 2015.

The court previously resolved a first batch of pretrial motions that defendants requested be decided on an expedited basis. *United States v. Arms*, 2014 U.S. Dist. LEXIS 169380 (E.D. Wis. Dec. 8, 2014) (ECF No. 452).

Finally, after repeated adjournments at the request of the defendant (ECF Nos. 474, 477, 505, 511, Notice of Feb. 27, 2015) an evidentiary hearing regarding Glenn Wilder's motion to suppress (ECF No. 418) is scheduled for June 16, 2015. That motion will be addressed following the evidentiary hearing.

## II.    Motions to Dismiss

### A.  Count Five

Defendant Kevin R. Arms filed a motion seeking to dismiss Count Five on the ground that the first superseding indictment referred to a penalty rather than an offense for which a person may be prosecuted. (ECF Nos. 446; 447.) Count Five was amended in the second superseding indictment to address many of the issues raised the defendant. It now explicitly charges Kevin R. Arms, along with defendants Bailey and Phillip Moffett, with "murder, as defined in 18 U.S.C. § 1111, in that the defendants, with malice aforethought, did unlawfully kill P.J. by shooting her with firearms." (ECF No. 501 at 6.) At the arraignment on the second superseding indictment, counsel for Kevin R. Arms stated that, in light of the changes made to Count Five in the second superseding indictment, his motion was now moot. Accordingly, the court will recommend that the motion be denied as moot.

In a motion to dismiss and second motion for a bill of particulars (ECF No. 371) defendant John Bailey also requested that the court dismiss Count Five. He then also asked that the court order the government to provide certain information, including

4

grand jury minutes and instructions--relief that would be unnecessary if Count Five were dismissed. (ECF Nos. 371; 372 at 1, 5-6.) In any event, as discussed above, the second superseding indictment seems to have mooted the basis for Bailey's motion to dismiss. Moreover, the second superseding indictment having removed any uncertainty as to the form of criminal homicide with which Bailey is charged, the court finds no reason to further consider his request for grand jury minutes or instructions. The court will recommend that Bailey's motion (ECF No. 371) be denied as moot.

### B. Count Twenty-Seven

Defendants Cecil Arms, Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas collectively filed three separate motions to dismiss Count Twenty-Seven. (ECF Nos. 565, 566, 569.) Kevin R. Arms joined in one of those motions (ECF No. 566).

### 1. Notice of Penalties

In the first motion to dismiss, Cecil Arms, Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas contend that Count Twenty-Seven fails to provide them with adequate notice of the potential penalties they face. (ECF No. 565.) They move under Fed. R. Crim. P. 7(c) to either dismiss Count Twenty-Seven or for the court to order that the government make the indictment "more definite and certain."

However, the defendants do not point to any defect in Count Twenty-Seven that warrants dismissal of that count under Rule 7(c). "An indictment is legally sufficient if it (1) states all the elements of the crime charged; (2) adequately informs the defendant of

the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010) (citing Fed. R. Crim. P. 7(c)(1); *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000)). Potential penalties are not elements of the crime and thus need not be contained in the indictment. *See Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998); *see also Bellavia v. United States*, 1999 U.S. Dist. LEXIS 9820, 19-20 (N.D. Ill. June 17, 1999) ("[The defendant] cites no authority for his novel argument that an indictment charging a RICO offense is insufficient unless it also informs the defendant of the potential criminal penalties. Apparently, [the defendant] mistakenly assumes that courts derive jurisdiction to sentence defendants from indictments or pleadings, rather than the criminal code.").

Nor do the defendants provide any authority indicating that this court has the authority to order the government to make the indictment "more definite and certain," much less how, should the court so order, the government might accomplish that, *cf.* 21 U.S.C. § 851 (setting forth procedure by which government shall provide notice of intent to seek increased punishment in drug offense due to prior conviction). There is no analogue in the Federal Criminal Rules to a motion for a more definite statement under Fed. R. Civ. P. 12(e). The closest approximation might be a motion for a bill of particulars, Fed. R. Crim. P. 7(f), but the defendants do not seek relief under that rule. And even if they did, they have not identified any authority to support the notion that

the government, by way of a bill of particulars or any other means, could foreclose the court from imposing a sentence that it later determines is appropriate and legally authorized. These procedural defects are reason enough for the court to recommend the denial of these defendants' first motion to dismiss Count Twenty-Seven.

However, to the extent that Judge Adelman may conclude that the question of the potential penalties that these defendants face should be answered now, the court will proceed to address the question posed by the defendants.

The relevant statute, 18 U.S.C. § 1963(a), states that the penalty for a violation of § 1962 is up to 20 years imprisonment. But that penalty may be increased to life in prison "if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment," 18 U.S.C. § 1963(a). The indictment alleges that the Arms Enterprise engaged in racketeering activities that included offenses punishable by life imprisonment. The defendants argue that, since conspirators may be held liable for the acts of co-conspirators, if one member of the conspiracy is found to have engaged in racketeering activity punishable by a life sentence, they are concerned that under 18 U.S.C. § 1963(a) they are all subject to a potential life sentence. Because Count Twenty-Seven does not specifically state the potential penalties which they face, the defendants argue that it is constitutionally infirm.

The government responds that only Kevin R. Arms and Cecil Arms are potentially subject to life imprisonment, a fact made clear by the "Notice of Enhanced

Sentencing" included in paragraphs 8 and 9 of Count Twenty-Seven. The other defendants charged in Count Twenty-Seven face a maximum of 20 years imprisonment. (ECF No. 575 at 4-5.)

Essentially, what the defendants seek is clarification as to their potential penalty, or perhaps more accurately, they seek assurances that they face a maximum of 20 years imprisonment on Count Twenty-Seven. (Cecil Arms is among the defendants who joined in the motion but, based upon the allegations in the second superseding indictment, he clearly faces a potential life sentence.) However, the defendants do not present any relevant authority indicating that the court may provide them the assurances they seek.

The only authority the defendants cite, *Lankford v. Idaho*, 500 U.S. 110 (1991), dealt with the circumstance where the defendant did not know that the court was considering imposing the death penalty and thus did not argue mitigation at sentencing. When the court imposed a death sentence, without the prosecution ever requesting it or the defendant knowing it was being contemplated, the Supreme Court concluded that the defendant's due process rights were violated. *Lankford* does not suggest the existence of a constitutional requirement that an indictment definitively state the maximum potential penalty every defendant faces. The Federal Rules of Criminal Procedure require only that the defendant be informed of the maximum potential penalty prior to

pleading guilty. Fed. R. Civ. P. 11(b)(1)(H); *United States v. Moody*, 770 F.3d 577, 581 (7th Cir. 2014).

The ultimate question presented by the defendants' motion is how the sentencing enhancement provision in 18 U.S.C. § 1963(a) operates vis-à-vis a conspiracy under 18 U.S.C. § 1962(d). Specifically, if one member of the conspiracy, in furtherance of that conspiracy, commits a racketeering act that is punishable by life imprisonment, does each member of the conspiracy face a potential life sentence?

The decision of the Court of Appeals for the Seventh Circuit in *United States v. Benabe*, 654 F.3d 753, 777 (7th Cir. 2011), suggests that the answer is "Yes." In that case, after convicting the defendants of violating 18 U.S.C. § 1962(d), in compliance with *Apprendi v. New Jersey*, 530 U.S. 466 (2002), the jury undertook a second round of deliberations to determine whether the defendants were responsible for the murders alleged in the indictment and thus subject to potential life imprisonment under 18 U.S.C. § 1963(a). *Benabe*, 654 F.3d at 777. As part of the second round of deliberations, the court provided the following pattern jury instruction based upon *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946): "A conspirator is responsible for offenses committed by his fellow conspirators if he was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of and as a foreseeable consequence of the conspiracy." *Benabe*, 654 F.3d at 777. Although the issue on appeal was the timing of the *Pinkerton* instruction, and not the instruction itself, the fact that

apparently neither the parties nor the district or appellate courts objected to using the *Pinkerton* instruction strongly suggests that liability under 18 U.S.C. § 1962(d) and for an enhanced sentence under 18 U.S.C. § 1963(a) functions like any other conspiracy.

Thus, there is no reason to believe that a defendant will be automatically subject to a life sentence simply because the defendant is convicted on Count Twenty-Seven and some other member of the conspiracy is found responsible for a racketeering act punishable by life imprisonment. Rather, to comply with *Apprendi*, the jury must find a sufficient connection between that defendant and the relevant racketeering act. However, that connection need not be direct personal involvement; traditional mechanisms for liability, including *Pinkerton*, apply.

Returning to the defendants' motion to dismiss, the court will recommend that the motion be denied as a result of the defendants' failure to adequately state a basis for the relief sought.

### 2. Enterprise

Kevin R. Arms, Cecil Arms, Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas argue that Count Twenty-Seven must be dismissed because it fails to adequately allege the existence of an enterprise. (ECF No. 566 at 4-8.) The defendants' motion appears premised upon misunderstandings both as to what must be set forth in the indictment compared with what the government must prove at trial as well as the

civil pleading standard under Fed. R. Civ. P. 8 compared with the standard for a criminal indictment under Fed. R. Crim. P. 7.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007), and Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), which the defendants cite in support of their argument that the indictment is insufficient (ECF No. 566 at 2, 4), address the pleading standards under Fed. R. Civ. P. 8(a) and stand for the general proposition that unsupported legal conclusions in a complaint are insufficient to state a claim. However, the civil pleading standards articulated in Twombly and Iqbal do not apply in this criminal matter; whether the initial pleading in a criminal matter – the indictment – is sufficient is governed by Fed. R. Crim. P. 7(c). See United States v. Vaughn, 722 F.3d 918, 926 (7th Cir. 2013) (declining to extend the Twombly / Iqbal civil pleading standards to criminal actions).

As set forth above, "[a]n indictment is legally sufficient if it (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." United States v. White, 610 F.3d 956, 958 (7th Cir. 2010) (citing Fed. R. Crim. P. 7(c)(1); United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000)). Contrary to a civil complaint, an indictment often need not include much more than a recitation of the elements of the relevant statute. United States v. Resendiz-Ponce, 549 U.S. 102, 109 (2007). Although a RICO violation may be prosecuted as a civil action, the differences between the civil and criminal pleading standards

render civil RICO cases addressing the sufficiency of a complaint, like those relied upon by the defendants, of minimal benefit in assessing the sufficiency of a RICO indictment.

The defendants also rely upon *Boyle v. United States*, 556 U.S. 938 (2009), where the Supreme Court discussed what the government must prove at trial to satisfy the RICO enterprise element. The defendants appear to contend that, in order to adequately allege an enterprise, the indictment must contain all the elements of an enterprise that *Boyle* said the government must prove at trial. However, the defendants fail to present any authority to support that conclusion. There is no requirement that the indictment contain the details as to how the government will prove at trial the elements of any offense. *United States v. Agostino*, 132 F.3d 1183, 1191 (7th Cir. 1997) (quoting *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)); *see also United States v. Phongsavath*, 2015 U.S. Dist. LEXIS 15871, 3-4 (E.D. Wis. Feb. 9, 2015).

The present indictment adequately alleges that the Arms Enterprise was an enterprise under 18 U.S.C. § 1961(4). (ECF No. 501, Count Twenty-Seven, I. A. 3.) *See United States v. Torres*, 191 F.3d 799, 805-06 (7th Cir. 1999) (discussing what an indictment must contain to adequately allege a RICO enterprise). "It provides structure to the enterprise by explaining who participated in it, what they did and its purpose, means, and methods….The allegations in the indictment go beyond simply a mere allegation of a group of people who get together to commit a pattern of racketeering. Therefore, the indictment sufficiently allege[s] a RICO enterprise." *Id.* at 806.

Accordingly, the court will recommend that the defendants' motion to dismiss on the basis that the indictment fails to adequately allege the existence of an enterprise be denied.

### 3. Pattern of Racketeering Activity Element

Kevin R. Arms, Cecil Arms, Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas also argue that Count Twenty-Seven must be dismissed because it fails to adequately allege a pattern of racketeering activity. (ECF No. 566 at 8-10.) Specifically, they claim that in order to demonstrate a pattern of racketeering activity, the government must list the specific racketeering act, who committed it, and when. The government responds that Count Twenty-Seven charges a RICO conspiracy in violation of 18 U.S.C. § 1962(d) and, as such, under *United States v. Glecier*, 923 F.2d 496 (7th Cir. 1991), the indictment need not allege specific predicate acts that each defendant agreed personally to commit. (ECF No. 575 at 9-10). The defendants reply by stating that, although the government may have intended to charge them with a § 1962(d) conspiracy, in fact it actually charged them with a § 1962(c) substantive RICO violation. (ECF No. 583 at 5-6.)

Section 1962(c) provides, "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of

unlawful debt." Section 1962(d) provides, "It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section." Although the indictment refers to 18 U.S.C. § 1962(c) (ECF No. 501, Count Twenty-Seven, I., D. 6.), it does so only to articulate which subsection of 18 U.S.C. § 1962 the defendants are alleged to have conspired to violate. That is made clear in paragraph six of Count Twenty-Seven, which alleges *not* that the defendants violated § 1962(c) but that they conspired to do so. If that were not clear enough, the closing line of Count Twenty-Seven states: "All in violation of Title 18, United States Code, Section 1962(d)."

Thus, notwithstanding the defendants' arguments to the contrary (ECF No. 583 at 6), Count Twenty-Seven cannot be reasonably read as alleging a substantive RICO violation. Since Count Twenty-Seven alleges a RICO conspiracy rather than a substantive RICO claim, "[n]either overt acts nor specific predicate acts that the defendant agreed personally to commit need be alleged or proved for a section 1962(d) offense." *Glecier*, 923 F.2d at 500 (internal citations omitted).

> If the government were required to identify, in indictments charging violation only of section 1962(d), specific predicate acts in which the defendant was involved, then a 1962(d) charge would have all of the elements necessary for a substantive RICO charge. Section 1962(d) would thus become a nullity, as it would criminalize no conduct not already covered by sections 1962(a) through (c).

*Id.* at 501.

As such, the indictment is not defective for failing to adequately allege any predicate act. Consequently, the court will recommend that the defendants' second motion to dismiss Count Twenty-Seven (ECF No. 556) be denied.

### 4. Lack of Temporal Specificity

Cecil Arms, Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas further contend that Count Twenty-Seven must be dismissed because it fails to adequately allege a timeframe of the alleged offense. (ECF No. 569.) Specifically, they state that the indictment fails to limit the time frame of Count Twenty-Seven to any period shorter than 20 years. That lack of specificity, they claim, makes it impossible for them to prepare their defenses and violates their Sixth Amendment right to be informed of the accusation against them.

There are three explicit temporal references in Count Twenty-Seven. The first comes in the sixth paragraph and states: "Beginning by at least in or about 2007, and continuing up to and including on or about the date of the filing of this Second Superseding Indictment…." The next two come in Section E, "Notice of Enhanced Sentencing," and apply to Cecil Arms and Kevin R. Arms. Paragraph 8 alleges that Cecil Arms and Kevin R. Arms conspired with intent to distribute more than five kilograms of cocaine, "[b]eginning by approximately 1995, and continuing through on or about the return date of this Second Superseding Indictment…." Paragraph 9 alleges that Kevin R. Arms committed a murder "[o]n or about November 16, 2008."

Many of the defendants' arguments appear premised upon the misunderstanding that the indictment alleges a substantive RICO violation under 18 U.S.C. § 1962(c). As explained above, the indictment plainly alleges a conspiracy violation under 18 U.S.C. § 1962(d). Thus, because the indictment need not identify any specific racketeering act, it naturally need not specify when any such predicate act occurred.

To the extent that the defendants' motion is not mooted by this correction regarding the nature of the RICO offense alleged in Count Twenty-Seven, the court concludes that dismissal of the indictment is unwarranted. Any of the concerns raised by the defendants may be appropriately addressed by way of a bill of particulars wherein the government states when each defendant charged in Count Twenty-Seven is alleged to have joined the conspiracy. The court states below it is ordering the government to provide such a bill to Shenese Arms, Shenita Arms, Tremell Nicholas, and Patricia Arms in response to their motions for a bill of particulars; the court will also now order the government to provide such a bill to Cecil Arms in response to the present motion. Therefore, the court will recommend that the defendants' third motion to dismiss Count Twenty-Seven (ECF No. 569) be otherwise denied.

## C. Count Twenty-Eight

In conjunction with his motion for a bill of particulars, Bailey moved for dismissal of Count Twenty-Eight (ECF No. 557), wherein he is charged with violating 18

U.S.C. §§ 1959(a)(1) and 2. The motion is premised upon an inexplicable misreading of the indictment. Bailey states:

> Count 28 charges the defendant with the same homicide which gives rise to Count Five, but, now, as a substantive RICO enterprise and RICO conspiracy act as set forth in Count 27. The new offense incorporates, by reference, the entirety of the Indictment, counts 1-27, in support of its assertion that there was a RICO enterprise and that Count 28 was a substantive RICO act. As such, the failings and omissions of the charge set forth in Count 27 apply directly to defendant Bailey.

(ECF No. 558 at 1.)

Count Twenty-Eight does not incorporate by reference all preceding counts in the indictment. It does not even incorporate all of Count Twenty-Seven. It incorporates by reference only the first five paragraphs of Count Twenty-Seven wherein the Arms Enterprise is described. Bailey essentially mimics the arguments put forth by Kevin R. Arms, Cecil Arms, Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas (ECF No. 583) regarding the perceived defects in Count Twenty-Seven that were rejected above, and which in any event do not appear relevant to the offense charged in Count Twenty-Eight. In fact, Bailey never once refers to 18 U.S.C. § 1959, the statute at issue in Count Twenty-Eight.

Count Twenty-Eight tracks the language of 18 U.S.C. § 1959, and the court has no reason to conclude that is insufficient. *See United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013). Bailey has failed to adequately develop any argument as to why Count

Twenty-Eight must be dismissed. Therefore, the court will recommend that Bailey's motion to dismiss Count Twenty-Eight (ECF No. 557) be denied.

## III.    Motions for Bill of Particulars

Nine defendants filed ten motions seeking a bill of particulars. (ECF Nos. 283, 371, 421, 426, 434, 436, 557, 564, 568, 570.) The scope of the requests vary greatly. In addition, Bailey filed a separate motion for the immediate disclosure of the identities of any unindicted co-conspirators. (ECF No. 375.) In response to the second round of motions, filed after the first superseding indictment (ECF Nos. 283, 371, 421, 426, 434, 436), the government agreed to provide a bill of particulars identifying (1) each unindicted co-conspirator, (2) the alleged start date of the conspiracy, and (3) when each moving defendant is alleged to have joined the conspiracy. (ECF No. 463 at 6.) It has since provided that bill of particulars. (ECF No. 541.) Those disclosures moot the motions of Demarius Sholar (ECF No. 436) and Glen Wilder (ECF No. 421), the alternative request for relief in Roosevelt Lee's motion to strike surplusage (ECF No. 391 at 1-2), and Bailey's "Demand for Disclosure of the Identity of Unindicted Co-Conspirators" (ECF No. 375). The disclosures also partially moot the motions of Bailey (ECF Nos. 283 at 6-7 (request numbers 1, 2)), Timothy Cunningham (ECF No. 426 at 1-2 (request numbers 1, 6, 7)), and Maurice Handy (ECF No. 434 at 1 (request number 1)).

In response to the third round of motions, filed following the return of the second superseding indictment (ECF Nos. 557, 564, 568, 570), the government identified

the persons it considers to be co-conspirators to the RICO conspiracy. (ECF No. 575 at 13.) That disclosure addresses portions of the motions filed by Shenita Arms and Tremell Nicholas (ECF No. 568 at 2) (request number 4)), Shenese Arms (ECF No. 564 at 1 (request number 1)), Patricia Arms (ECF No. 570 at 2) (request number 4)), and Bailey (ECF No. 558 at 7-8 (request number 1)). To the extent that any defendant seeks the true identity of any unindicted co-conspirator protected by the informer privilege, the request is denied as set forth in the court's prior order, *Arms*, 2014 U.S. Dist. LEXIS 169380.

Bailey's second request in his second motion for a bill of particulars (ECF No. 372) was mooted by the second superseding indictment wherein the government now explicitly alleges in Count Five that the killing was murder as defined by 18 U.S.C. § 1111.

The government opposes all other aspects of the defendants' motions.

Federal Rule of Criminal Procedure 7(f) permits the court to order the government to provide a defendant with a bill of particulars. "The purposes of a bill of particulars are to inform the defendant of the nature of the charge against her to enable her to prepare for trial, to avoid or minimize the danger of surprise at time of trial, and to enable her to plead acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite." *United States v. Brown*, 2015 U.S. Dist. LEXIS 6667, 10-12 (E.D. Wis. Jan. 21, 2015) (citing *United States v. Roman*,

728 F.2d 846, 856 (7th Cir. 1984)). "Whether to require a bill of particulars rests within the sound discretion of the district court." *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003).

The "bill-of-particulars analysis is similar to the constitutional sufficiency-of-the-indictment analysis; 'in both cases, the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation.'" *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (quoting *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008)). "[A] bill of particulars is 'unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense.'" *Id.* (quoting *Hernandez*, 330 F.3d at 975; citing *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)). "Information relevant to the preparation of a defense includes the elements of each charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the statute or statutes violated." *Blanchard*, 542 F.3d at 1140; *see also United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003).

"Where the indictment fails to provide the full panoply of such information, a bill of particulars is nonetheless unnecessary if the information 'is available through some other satisfactory form,' such as discovery.'" *Blanchard*, 542 F.3d at 1140 (quoting *Hernandez*, 330 F.3d at 975); *see also Vaughn*, 722 F.3d at 927. Moreover, while a defendant is entitled to know the offense with which he is charged, the government need not

disclose all the details of how it will prove its case. *Blanchard*, 542 F.3d at 1141 (citing

*Fassnacht*, 332 F.3d at 445; s*ee also Kendall*, 665 F.2d at 135 (quoting *United States v. Giese*,

597 F.2d 1170, 1181 (9th Cir. 1979)) ("It is established that 'a defendant is not entitled to

know all the evidence the government intends to produce, but only the theory of the

government's case.'"); *United States v. Douglas*, 2005 U.S. Dist. LEXIS 13163 (W.D. Wis.

June 27, 2005) (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)) ("[A] bill of

particulars under F. R. Crim. Pro. 7(f) is not designed to provide the defendant with a

detailed disclosure of the government's witnesses, legal theories or evidentiary detail.").

Thus, a motion for a bill of particulars should not be confused with a request to admit

or an interrogatory; it is not a discovery tool. *See United States v. Vest*, 2006 U.S. Dist.

LEXIS 52135, 10 (S.D. Ill. July 28, 2006).

As for the defendants' remaining requests, Bailey seeks the following

information from the government in the form of a bill of particulars:

1.  When did Bailey allegedly terminate his involvement in the conspiracy?

2.  What acts, and when did Bailey purportedly commit acts, in the furtherance

    of the conspiracy?

3.  In what acts did Bailey purportedly engage in the planning for, perpetration

    of or cover-up of the homicide in Count V?

4. What direct evidence, i.e., eye witnesses, admission of the defendant, admission of a co-defendant, or physical evidence implicates Bailey in the events relating to Count V of the indictment?

5. How does the alleged homicide set forth in Count V constitute an act in the furtherance of the drug conspiracy charged in Count I of the indictment?

6. What jury instructions or directions were given to the Grand Jury in its deliberations regarding Count V?

7. Provide the Grand Jury minutes for the issuance of the indictment in this matter.

8. When did Bailey become a member of the enterprise and RICO conspiracy? What acts demonstrate his entrance and/or withdrawal from the enterprise and RICO conspiracy?

9. Through what acts did each member of the enterprise and John Bailey engage in conduct in the furtherance of the enterprise?

10. Describe the organizational structure of the enterprise.

11. What acts, enumerated by time, place, description, and participants constitute a pattern of conduct of the enterprise?

12. State each specific act by time, place, description, and participants which purportedly foster the six enumerated purposes of the enterprise.

13. State each specific act by time, place, description, and participants which further the Means and Methods of the enterprise delineated in the five categories of the indictment.

(ECF Nos. 283 at 6-7; 372 at 5-6; 558 at 7-8.)

Cunningham seeks the following information:

1. Whether any defendant named in the indictment was acting on behalf of the United States government at the time of the acts alleged in the indictment.

2. Which of the co-defendants or co-conspirators he is alleged to have conspired with directly as part of the conspiracy charged in Count 1.

3. What evidence, if any, the Government has which tends to suggest that Cunningham possessed knowledge of any illegal activity regarding the distribution of illegal controlled substances.

4. What acts Cunningham allegedly committed in furtherance of the conspiracy alleged in Count 1.

5. When Cunningham's supposed involvement in the alleged conspiracy ended.

6. What evidence, if any, supports the allegation that Cunningham was involved in the conspiracy alleged in Count 1.

(ECF No. 426 at 1-2.)

Handy seeks a brief description of how the unnamed co-conspirator informants came to possess the information they revealed about him. (ECF No. 434 at 1.)

Shenese Arms seeks the following information:

1. The specific date on which the government alleges that she became a member of the conspiracy;

2. The specific acts of racketeering activity the government alleges that she committed or that she agreed to that other co-conspirators would commit.

3. The specific acts of criminal conduct, if any, by her which the government alleges were committed on behalf of the Arms Enterprise (as opposed to her personal benefit).

4. A description of the organization.

(ECF No. 564 at 1.)

Shenita Arms and Tremell Nicholas jointly seek the following information:

1. A description of the "Arms Enterprise," including its structure.

2. The date the "Arms Enterprise" was created.

3. Dates Arms and Nicholas allegedly joined the "Arms Enterprise" and any information demonstrating the manner in which they did so.

4. Information relating to the longevity of purpose of the alleged enterprise, including when—or based on what evidence—Arms and Nicholas are alleged to have committed to the purposes of the enterprise.

5.  The specific acts of criminal conduct Arms and Nicholas allegedly committed in furtherance of the "Arms Enterprise" (as opposed to their personal benefit), including the date, place and the identity of others involved.

6.  The specific acts of racketeering Arms and Nicholas allegedly committed in furtherance of the "Arms Enterprise" (as opposed to their personal benefit), including the date, place and identity of others involved, if different from the particulars sought in No. [5].

7.  A description of the specific acts of racketeering committed in further of the "Arms Enterprise," including who committed each act and where and when it occurred, that make up the alleged pattern of racketeering.

8.  A description of how the acts of racketeering relate to one another and to the purposes of the "Arms Enterprise."

(ECF No. 568 at 2.)

Patricia Arms seeks essentially the same information as Shenita Arms and Tremell Nicholas with the addition of "[a]ny statements allegedly amounting to proof of an agreement having been made to commit a racketeering act." (ECF No. 570 at 2.)

In large part, the defendants' requests read like interrogatories whereby the defendants ask the court to order the government to disclose how it intends to prove its case. It is well-established that this is not a proper use of a bill of particulars. *See, e.g,* *United States v. Richardson*, 130 F.3d 765, 776 (7th Cir. 1997); *United States v. Richards*,

2015 U.S. Dist. LEXIS 5783, 2-4 (E.D. Wis. Jan. 19, 2015) (citing *United States v. Glecier*, 923 F.2d 496, 502 (7th Cir. 1991)); *United States v. Mazharuddin*, 2013 U.S. Dist. LEXIS 16643 (E.D. Wis. Feb. 7, 2013) ("[The defendant's] original motion reads like a request for the evidentiary details of the government's case, which he has no right to discover through a bill of particulars.") (citing *United States v. Brock*, 863 F. Supp. 851, 867 (E.D. Wis. 1994)). "Discovery, not a bill of particulars, is the means by which a defendant is informed of what evidence the government possesses to evidence his involvement in a conspiracy…." *United States v. Rodriguez*, 2009 U.S. Dist. LEXIS 38695, 13-14 (E.D. Wis. Apr. 24, 2009).

The court finds that Bailey's Requests No. 2, 3, 4, 5, 9, 10, 11, 12, and 13, Cunningham's Requests Nos. 2, 3, 4, and 6, Handy's request, Shenese Arms' Requests Nos. 2, 3, and 4, Shenita Arms, Tremell Nicholas, and Patricia Arms' Requests Nos. 1, 4, 5, 6, 7, and 8, and Patricia Arms' additional request, as enumerated above, all plainly fall outside the permissible scope of a bill of particulars in that each asks the court to compel the government to disclose how it will prove its case. These aspects of the defendants' motions will be denied.

As for Cunningham's first request set forth above, identifying "[w]hether any defendant named in the indictment was acting on behalf of the United States Government at the time of the acts alleged in the indictment" (ECF No. 426 at 1), he does not articulate how the information is relevant or essential to understanding the

offense with which he is charged. In the absence of any such showing, the court declines to exercise its discretion to order the government to provide this information by way of a bill of particulars.

Although the government disclosed in its first bill of particulars when each requesting defendant was alleged to have joined the conspiracy alleged in Count One, it has not disclosed when Shenese Arms, Shenita Arms, Tremell Nicholas, and Patricia Arms are alleged to have joined the RICO conspiracy alleged in Count Twenty-Seven. Although Patricia Arms, Shenita Arms, Tremell Nicholas request the date each is alleged to have joined the "Arms Enterprise," what is relevant under Count Twenty-Seven is when they are alleged to have joined the conspiracy. Given the nature of this case, the court will exercise its discretion to order the government, not less than 60 days before each of these defendants' respective trials, to furnish Shenese Arms, Shenita Arms, Tremell Nicholas, and Patricia Arms with a bill of particulars stating the approximate date each is alleged to have become a member of the conspiracy alleged in Count Twenty-Seven.

Bailey also requests that the government identify when he became a "member of the enterprise and RICO conspiracy."(ECF No. 558 (request number 2).) However, Bailey is not charged with being a member of the RICO conspiracy (even though the government identifies him as an unindicted co-conspirator (ECF No. 575 at 13)) and

thus Bailey has failed to demonstrate how this information is relevant to him. Accordingly, Bailey's request number 8, as enumerated above, will be denied.

To the extent that these defendants ask the court to order the government to identify, for example, the manner in which the defendants are alleged to have joined the conspiracy (or Enterprise) (*see* ECF Nos. 570 (request number 3); 568 (request number 3)), or the acts that demonstrate the defendant's entrance or withdrawal from the enterprise and RICO conspiracy (ECF No. 558 (request number 2)), these requests are denied as not within the appropriate scope of a bill of particulars because they seek the court to compel the government to disclose how it will prove its case.

With regard to Bailey's Request No. 1 and Cunningham's Request No. 5, as enumerated above, the government has not indicated whether it alleges that Bailey or Cunningham ever terminated their involvement in the conspiracy; perhaps it is the government's view that neither ever did so. Nonetheless, absent such an explicit statement, the court will order that, not less than 60 days before the scheduled commencement of Bailey's and Cunningham's respective trials, the government shall provide to the affected defendant a bill of particulars indicating the date it alleges he terminated his involvement in the conspiracy (if, indeed, the government alleges he terminated his involvement in the conspiracy prior to the date of the second superseding indictment).

Shenita Arms, Tremell Nicholas (ECF No. 568 (request number 2)), and Patricia Arms (ECF No. 570 (request number 2)) ask the court to order the government to disclose the date when the Arms Enterprise was created. The government does not specifically address this request and none of the defendants develops an argument as to why this information is necessary. In the absence of any such explanation, the court will decline to exercise its discretion to order the government to provide this information.

Finally, Bailey's Requests No. 6 and 7, as enumerated above, are denied for the reasons set forth below.

## IV.    Motions Regarding the Grand Jury

In addition to the request for grand jury instructions and grand jury minutes contained in Bailey's motion for a bill of particulars (ECF Nos. 371; 372 at 5-6), Bailey filed a separate motion that he calls a motion for disclosure of grand jury minutes but wherein he actually seeks grand jury testimony. (ECF Nos. 428; 429.) He argues that disclosure is necessary because, at the time of the initial indictment, according to the discovery furnished in this matter, the only evidence inculpating Bailey was the conclusory statements of four confidential informants. In his view, such evidence was "woefully insufficient" to indict him, possibly warranting a motion to dismiss the indictment. (ECF No. 429 at 2.)

The government responds by stating that, as long as the grand jury was legally constituted and unbiased, no basis exists for the early disclosure of any grand jury

transcripts. (ECF No. 463 (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)).) In reply, Bailey focuses upon his assertion that Count Five of the indictment is insufficient because it failed to identify the type of homicide which the government claims occurred (ECF No. 496), an argument that is now moot in light of the clarification set forth in the second superseding indictment.

The proper functioning of the grand jury depends upon secrecy. *United States v. Sells Eng'g*, 463 U.S. 418, 424 (1983) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 (1979)); *In re Grand Jury Proceedings*, 942 F.2d 1195, 1198 (7th Cir. 1991). Thus, disclosure of grand jury proceedings is appropriate only in extremely limited circumstances when the party seeking disclosure can show a compelling necessity or a particularized need for the information. *In re Grand Jury Proceedings*, 942 F.2d at 1198. A movant's speculation that disclosure of the grand jury proceedings might reveal information that will be beneficial in some manner is insufficient. *See United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978). "[A] mere possibility of benefit does not satisfy the required showing of particularized need." *In re Grand Jury Proceedings*, 942 F.2d at 1199. The court does not possess general supervisory authority over the grand jury; its authority to dismiss an indictment is limited to a violation of "one of those 'few, clear rules which were carefully drafted and approved by [the Supreme Court] and by Congress to ensure the integrity of the grand jury's functions.'" *United States v. Williams*,

504 U.S. 36, 46 (1992) (quoting *United States v. Mechanik*, 475 U.S. 66, 74 (1986) (O'Connor, J., concurring in judgment)).

With respect to what he characterizes as a motion for grand jury minutes (ECF No. 428), Bailey's motion, as the government notes, "belies a fundamental misunderstanding of the role of the grand jury and the bases available for dismissal of an indictment." (ECF No. 463 at 3.) Whether or not probable cause exists to support an indictment is a decision reserved solely to the grand jury. "A defendant cannot via a motion to dismiss the indictment challenge either the evidence the government will present at trial, or the probable cause determination made by the grand jury." *United States v. Fregoso-Bonilla*, 2006 U.S. Dist. LEXIS 64185, 38 (E.D. Wis. Sept. 7, 2006) (citing *United States v. Calandra*, 414 U.S. 338, 345 (1974); *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)); *see also United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) ("It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury.") (citing *Costello*, 350 U.S. at 363-64; *United States v. Cady*, 567 F.2d 771, 776 (8th Cir. 1977)). The court's analysis is limited to whether the indictment "states all of the elements of the offense, informs the defendant of the nature of the charges, and is sufficiently specific to enable the defendant to assess double jeopardy issues." *Fregoso-Bonilla*, 2006 U.S. Dist. LEXIS 64185, 38 (citing *United States v. Spears*, 965 F.2d 262, 279 (7th Cir. 1992)).

Bailey has failed to show a compelling necessity or a particularized need for the grand jury information he seeks. Even if the records of the grand jury proceedings revealed everything he hopes they might, i.e., that the grand jury was not presented with sufficient evidence to establish probable cause to believe Bailey committed the offenses with which he was charged, he would not be entitled to any relief. Accordingly, his motion (ECF No. 428) must be denied.

## V.     Motion to Strike Surplusage

Count One of the second superseding indictment states that the conspiracy began "by at least 2007." (ECF No. 501 at 2.) Defendant Roosevelt Lee argues that the phrase "at least" is surplusage and should be stricken pursuant to Federal Rule of Criminal Procedure 7(d). (ECF No. 391 at 1-2.) However, in substance Lee's complaint is that the indictment is defective in that it fails to provide him notice as to when the conspiracy is alleged to have begun. (ECF No. 391 at 2.) In the alternative, Lee seeks a bill of particulars identifying when the conspiracy is alleged to have begun. (ECF No. 391 at 2.) As discussed above, the government already has provided that information to Lee. (ECF No. 541.)

Lee having already received the information regarding when the conspiracy began, the court finds no basis to strike the phrase "at least." The alteration Lee seeks is not properly presented as a motion to strike surplusage, at least as that term is generally understood. *See* Wright, Amendment of Indictments; Surplusage, 1 Fed. Prac. & Proc.

Crim. § 128 (4th ed.) (discussing the nature and purpose of Rule 7(d)). As such, Lee's motion to strike surplusage will be denied.

## VI.    Misjoinder and Severance

The second superseding indictment contains 28 counts against 29 defendants. (ECF No. 501.) Sixteen defendants are charged in Count One with conspiracy to deliver cocaine, "crack" cocaine, heroin, and marijuana. Carrington is charged in two counts, each along with defendant Brandon Trotter. (ECF No. 501 at 14-15.) In Count Thirteen, Carrington and Trotter are alleged to have processed with intent to distribute crack cocaine and marijuana. (ECF No. 501 at 14.) Count Fourteen alleges that each possessed a firearm in furtherance of the offense alleged in Count Thirteen. (ECF No. 501 at 15.)

Carrington contends that he is mis-joined under Federal Rule of Criminal Procedure 8(b). (ECF No. 386.) In the alternative, he argues that his case should be severed from the other defendants pursuant to Federal Rule of Criminal Procedure 14(a) because he would be prejudiced by a joint trial. (ECF No. 386.)

Federal Rule of Criminal Procedure 8(b) states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 8(b) does not require that all defendants charged in a single indictment face identical charges; conversely, simply because defendants face identical charges does not

mean that joinder is proper. *United States v. Marzano*, 160 F.3d 399, 401 (7th Cir. 1998).

Instead, Rule 8(b) requires only that the offenses and defendants in the indictment be connected to the same "series of acts or transactions." The Court of Appeals for the Seventh Circuit has interpreted this as a requirement that the offenses in the indictment emerge from "a common plan or common scheme," *United States v. White*, 737 F.3d 1121, 1132 (7th Cir. 2013) (quoting *United States v. Velasquez*, 772 F.2d 1348, 1353 (7th Cir. 1985)), or "well up out of the same series of … acts." *Marzano*, 160 F.3d at 401. Frequently, that common plan or scheme is an overarching conspiracy whereby it will be proper to charge in a single indictment not only those involved in the conspiracy but also individual offenses done in furtherance of the conspiracy. *See United States v. Williams*, 553 F.3d 1073, 1079 (7th Cir. 2009) (citing *United States v. Warner*, 498 F.3d 666, 699 (7th Cir. 2007); *United States v. Dounias*, 777 F.2d 346, 348 (7th Cir. 1985)).

In determining whether offenses or defendants are sufficiently related to be properly joined under Rule 8(b) the court's analysis is limited to the four corners of the indictment. *United States v. Jackson*, 2011 U.S. Dist. LEXIS 154332 (E.D. Wis. Oct. 21, 2011). "Rule 8 is construed broadly to allow liberal joinder and thereby enhance the efficiency of the judicial system." *United States v. Isaacs*, 493 F.2d 1124, 1158 (7th Cir. 1974); *see also White*, 737 F.3d 1121, 1133; *United States v. Freland*, 141 F.3d 1223, 1226 (7th Cir. 1998); *United States v. Warner*, 498 F.3d 666, 699 (7th Cir. 2007) (quoting *United States v. Stillo*, 57 F.3d 553, 556 (7th Cir. 1995)).

Having reviewed the indictment, the court finds no apparent connection between Counts Thirteen and Fourteen and the remainder of the charges. The only obvious relationship is that Count One alleges a broad conspiracy to distribute crack cocaine and marijuana. (ECF No. 501 at 2.) In Counts Thirteen and Fourteen Carrington is alleged to have possessed with intent to distribute crack cocaine and marijuana, and to have possessed a firearm in furtherance of such offense, during the period of the conspiracy alleged in Count One. (ECF No. 501 at 14-15.) The existence of this relationship is, in effect, the only argument the government offers in opposition to Carrington's misjoinder motion. (ECF No. 501 at 4-5.) If such a tenuous connection were sufficient under Rule 8(b), the government could prosecute in a single action essentially every drug distribution offense occurring in this district in the last seven years—the time period of the alleged conspiracy. *See Marzano*, 160 F.3d at 401 ("[O]bviously the fact that they are the same crimes doesn't mean they can be charged in the same indictment if they bear no relation to each other. Otherwise the government could indict together every person who committed a federal drug offense in the Northern District of Illinois between January 1, 1997, and December 31, 1997." (citations omitted)).

In the absence of any apparent relationship between the conduct Carrington is alleged to have committed and the conduct charged in the remainder of the indictment, the court concludes that he was improperly joined to this action under Rule 8(b). Although the government suggests that it would be most efficient to defer ruling on this

motion (ECF No. 461 at 3-4), the court sees no reason to do so. Unlike the severance motions brought by other defendants, Carrington's motion does not depend upon which defendants may ultimately exercise their right to trial. Accordingly, Carrington's motion to sever will be granted.

Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas collectively move for severance under Fed. R. Crim. P. 14 from co-defendants Kevin R. Arms and Cecil Arms in Count Twenty-Seven. They also move for severance of the money laundering counts (Counts Nineteen, Twenty, Twenty-One, Twenty-Two and Twenty-Four) and the misprision count (Count Three) of the second superseding indictment from the other counts alleging the drug conspiracy or homicide. (ECF No. 563.)

The appropriate resolution of their motion (ECF No. 563) will be significantly impacted by which defendants elect to go to trial. Additionally, because the government has acknowledged that it will not seek to pursue a single-trial should all (or many) of the defendants exercise their right to trial, this motion may be mooted as a result of the government's decisions as to how to break this case into smaller prosecutable units for trial. Because this motion is not best resolved at this time, the court has two options: defer ruling on it or deny it without prejudice. The court concludes that denying the motion without prejudice is appropriate. Between now and trial, the circumstances relevant to this motion are likely to change substantially and thus the discussion and arguments contained in the present motion might be of little continued relevance. Any

renewed motion to sever under Rule 14 must be filed not later than 60 days before trial, unless a different deadline is set by the court.

Finally, Bailey (ECF Nos. 378, 556), Kevin R. Arms (ECF No. 378), Moffett, (ECF No. 378), Lee (ECF No. 391 at 2-3), Handy (ECF No. 431), Demerius Sholar (ECF No. 435), and Wilder (ECF No. 420) seek only the opportunity to preserve the right to pursue severance should a *Bruton* issue develop after it becomes clearer which defendants will proceed to trial and the nature of the evidence against those defendants. *See Bruton v. United States*, 391 U.S. 123 (1968). Those requests are granted.

### VII. Motion for *Santiago* Hearing

Pursuant to Federal Rule of Evidence 801(d)(2)(E), a statement "made by the party's coconspirator during and in the furtherance of the conspiracy" is not hearsay.

> It is a condition for the admission of such statements, however, that the Government provide sufficient evidence to convince the court, as a preliminary matter (*see* Fed. R. Evid. 104(a)), that it is more likely than not that 1) a conspiracy existed, 2) the defendant and the declarant were members thereof, and 3) the proffered statement(s) were made during the course of and in furtherance of the conspiracy.

*United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1991) (citing *United States v. Santiago*, 582 F.2d 1128, 1134-35 (7th Cir. 1978)). The Court of Appeals for the Seventh Circuit has approved various procedures that a trial court may employ in order to make the preliminary determination required by *Santiago*:

> [1] the evidence as to these elements can be submitted to the court by way of proffer before trial, and the court can admit the statement(s) subject to its later determination that, based on all of the evidence admitted at trial,

the Government has proved by a preponderance of that evidence all three requisite foundational elements.… [2] the court can rule on each statement as it is elicited based on the evidence the Government has adduced to that point; [3] the court can, even in the absence of a pretrial proffer, conditionally admit the body of coconspirator's statements subject to the Government's eventual proof of the foundational elements (the penalty for not so proving being a possible mistrial); [4] or the court can hold a "full blown" preliminary hearing to consider all evidence concerning the statements.

*Cox*, 923 F.2d at 526. The Court of Appeals discourages the use of a "full blown" hearing as a means to make this determination as "inefficient and potentially duplicative." *United States v. Andrus,* 775 F.2d825, 836-37 (7th Cir. 1985).

Notwithstanding the Court of Appeals' discouragement, Bailey (ECF Nos. 369, 370) and Kyle Carrington (ECF Nos. 387, 388) request such a "full blown" hearing. Both argue that a hearing is necessary due to a general lack of information in the discovery connecting them to the alleged conspiracy. Handy requests only a "proffer by the government" at least 14 days before trial. (ECF No. 373 at 1-2)

In this district, it is the long-standing practice, even in exceptionally complex cases, to conditionally admit statements of alleged co-conspirators subject to the government later adequately showing that they are admissible under Fed. R. Evid. 801(d)(2)(E). *See, e.g., United States v. Gutierrez*, 2014 U.S. Dist. LEXIS 68999, 3-4 (E.D. Wis. May 20, 2014); *United States v. Mazharuddin*, 2012 U.S. Dist. LEXIS 185767, 19-20 (E.D. Wis. Nov. 23, 2012); *United States v. Everett*, 2011 U.S. Dist. LEXIS 59064, 4-5 (E.D. Wis. May 4, 2011); *United States v. Avila-Rodriguez*, 2011 U.S. Dist. LEXIS 38246, 16-18

(E.D. Wis. Feb. 16, 2011); *United States v. Mathis*, 2010 U.S. Dist. LEXIS 43933 (E.D. Wis. Apr. 14, 2010); *United States v. Kaffo*, 2009 U.S. Dist. LEXIS 123046, 4-6 (E.D. Wis. 2009); *United States v. Fisher*, 2009 U.S. Dist. LEXIS 1809, 20-23 (E.D. Wis. 2009); *United States v. Davis*, 2007 U.S. Dist. LEXIS 86742 (E.D. Wis. 2007); *United States v. Martinez*, 2007 U.S. Dist. LEXIS 32930 (E.D. Wis. 2007); *United States v. Arberry*, 2007 U.S. Dist. LEXIS 23286 (E.D. Wis. 2007); *United States v. Barrera*, 2006 U.S. Dist. LEXIS 80433 (E.D. Wis. 2006); *United States v. Arnett*, 2005 U.S. Dist. LEXIS 46360 (E.D. Wis. 2005). Obviously, Judge Adelman remains free to deviate from that practice in this case, and this court defers to him regarding the resolution of the defendants' motions for a *Santiago* hearing as well as Handy's motion for a "proffer by the government" at least 14 days before trial (ECF No. 373 at 1-2). *See Gutierrez*, 2014 U.S. Dist. LEXIS 68999, 3-4; *Everett*, 2011 U.S. Dist. LEXIS 59064, 4-5.

## VIII.   Motions under FRE 404(b)

Bailey (ECF Nos. 337; 338), Handy (ECF No. 373), and Wilder (ECF No. 422) filed motions related to Federal Rule of Evidence 404(b). Moffett joined in Bailey's motion but did not elaborate upon it (ECF No. 432), and thus the court will not address Moffett separately.

Rule 404(b) of the Federal Rules of Evidence identifies the purposes for which evidence of a crime, wrong or other act is admissible. Rule 404(b)(2) states in relevant part:

On request by a defendant in a criminal case, the prosecutor must:
(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
(B) do so before trial — or during trial if the court, for good cause, excuses lack of pretrial notice.

Although a defendant's request, without the need of a motion, triggers the prosecution's obligation to disclose the evidence of crimes, wrongs, or other acts it intends to seek to introduce under Rule 404(b), the rule is silent as to when the government's disclosure must occur. To the extent that the defendants' motions (ECF Nos. 373; 422) seek only what the government must disclose under Rule 404(b) upon the defendant's request, this portion of their motions is moot and denied as such; the defendants' motions will serve as their request to the government. *See United States v. Stuart*, 2011 U.S. Dist. LEXIS 41425 (E.D. Wis. Apr. 6, 2011) (noting that a request under Rule 404(b) is not properly made by way of a motion).

Handy and Wilder request disclosure not less than 60 days before trial. (ECF Nos. 373; 422.) Bailey requests immediate disclosure. (ECF No. 338.) Moreover, Bailey's motion seeks more than simply evidence that the government may seek to introduce under Rule 404(b). Bailey asks the court to order the government to disclose "all corresponding discovery" related to any act of 404(b) evidence (ECF No. 337) as well as "the circumstance and supporting evidence which it will use to seek admission of other bad acts during the trial of the instant matter." (ECF No. 338 at 3.) Bailey further states that "the government has provided no indication about what other bad acts evidence

exists; how it intends to prove such information; and what exception it relies upon for admission." (ECF No. 338 at 3.)

The government responds, "As to defendants Handy, Moffett and Wilder, the government has no knowledge of any 'bad acts' of any of the defendants either prior or relevant to the conspiracy charges that are not part of the conspiracies themselves." (ECF No. 459 at 2.) As for Bailey, who points to various acts of violence that he believes the government may attempt to admit by way of Rule 404(b), the government responds that it does not allege that these acts are "bad acts" but rather that they are acts in furtherance of the conspiracy. (ECF No. 459 at 2.) Bailey replies by stating that, if these acts are in furtherance of the conspiracy, the government should be ordered to provide all investigative reports relating to them. (ECF No. 496 at 2.)

Bailey offers no authority to support his motion that the government must disclose not just what evidence it will attempt to introduce by way of Rule 404(b) but, in effect, how the government will attempt to argue that such evidence is probative of Bailey's guilt and thus admissible under Rule 404(b). In the absence of Bailey directing the court to any authority to support his demand, the court finds no reason to order the government to articulate the means and methods it may use to seek the admission of certain evidence. Moreover, to the extent that Bailey seeks discovery, the motion must be denied for his failure to comply with all provisions of Crim. L.R. 16(b). Simply

stating that attempts to conduct a meeting have not been fruitful (ECF No. 338 at 1) is insufficient.

Notwithstanding the government's representation that it does not intend to introduce evidence by way of Rule 404(b) against Handy, Moffett, Wilder, or Bailey, the court finds it nonetheless prudent to set a deadline for such disclosure should circumstances change. The court orders that, absent good cause to excuse the lack of timely disclosure, not less than 60 days before trial the government shall disclose to the requesting defendants any evidence it may seek to admit against that defendant pursuant to Rule 404(b).

## IX.    Motion to Exclude Witness Testimony

Bailey filed a motion to exclude the trial testimony of witnesses whom the government identified as confidential informants. (ECF No. 327.) He asserts that their testimony should be inadmissible under Federal Rule of Evidence 602 because it is unclear from discovery whether the information these confidential informants provided was based upon the personal knowledge of each informant. He argues that the court should order the government to disclose how the informants acquired their information implicating Bailey so that he can "examine the declarant's credibility and … investigate whether there is any evidence to corroborate the informant's claims." (ECF No. 327-1 at 6-7.)

The government responds that Bailey's motion is premature, unsupported by any authority, and, like many of Bailey's motions, reflects an attempt to have "a 'trial before the trial' on the nature and quantity of the government's evidence." (ECF No. 463 at 4-5.)

The court agrees with the government. If Bailey believes that a witness's trial testimony is not supported by an adequate foundation, the proper approach is to object at trial. Bailey's motion (ECF No. 327) will be denied without prejudice.

### X.     Expert Witnesses

Glenn Wilder filed a motion asking the court to order the government to make any expert witness disclosures not less than 60 days before trial. (ECF No. 422.) The government responds that at this time it does not intend to call any expert but acknowledges that it may seek to qualify Financial Investigator Michael Zeihen of the Bureau of Alcohol, Tobacco, Firearms, and Explosives as an expert. (ECF No. 463.) It proposes to disclose any expert summary not less than 30 days before trial and asks that Wilder disclose any expert he plans to call not less than 15 days before trial. (ECF No. 463 at 2.)

Under the court's local rules, the government's expert summary under Fed. R. Crim. P. 16(a)(1)(G) must be disclosed not less than 15 days before trial. Crim. L.R. 16(a)(4). The defendant must make his expert disclosures "as soon as reasonably

practicable after the government's disclosure" but a minimum of 5 days before trial. Crim. L.R. 16(a)(4).

Although the local rules suggest that 15 days is presumptively reasonable in the ordinary case where the government elects to use an expert, the government acknowledges that this is a complex case where the generally applicable deadlines in the local rules are insufficient. While acknowledging the complexity of the case, the government offers no argument as to why Wilder's request that the government disclose its expert information 60 days before trial is problematic.

In light of the undisputed complexity of the case against Wilder, the especially lengthy period of time which the government will have to prepare for trial and to determine whether to use an expert, and the lack of any explanation from the government as to why disclosure 60 days before trial is inappropriate, the court will order the government to make any expert disclosure under Fed. R. Crim. P. 16(a)(1)(G) not less than 60 days before the scheduled start of any trial of Wilder. Wilder is to make his expert witness disclosure at least 15 days before trial, as proposed by the government. (ECF No. 479 at 3.)

Lee filed a motion asking the court to bar an investigative agent from testifying as to the meaning of "code words" used in conversations between Lee and a confidential informant. (ECF No. 391 at 3-4.) Lee argues that such testimony is an

impermissible expert opinion because the agent would be, in effect, testifying as to Lee's state of mind as to what he meant when he used certain words. (ECF No. 391 at 4.)

The government responds that, contrary to Lee's assertion that the discovery is "riddled" with the agent's interpretations of recorded telephone calls between Lee and a confidential informant, there are actually only two such calls. (ECF No. 463 at 2-3.) The government states that it intends to call the informant as a witness and will not rely upon an agent to interpret the calls. In the event the informant is not available, the government contends that the agent's interpretation would not constitute an expert opinion. (ECF No. 463 at 3, fn.1 (citing *United States v. Cheek*, 740 F.3d 440, 447-48 (7th Cir. 2014)).

Absent any indication that the government may seek to introduce evidence of the meaning of the conversation from a party not involved in the conversation, there is no dispute requiring the court's resolution. Accordingly, Lee's motion will be denied without prejudice. Should the government seek to elicit evidence as to the meaning of the conversations from a non-participant, Lee may renew his motion at that time.

## XI. Rule 1006

Wilder requests that the court order the government to disclose not less than 30 days before trial any summary document or exhibit it intends to use pursuant to Federal Rule of Evidence 1006. (ECF No. 423.) The government responds that it is not aware of any summaries it may use at trial but states that, if it decides to use such

evidence, it will disclose it to Wilder not less than 14 days before trial. (ECF No. 463 at 1-2.) In reply, Wilder reiterates his request for disclosure 30 days before trial, citing the complex nature of this case and the voluminous records. (ECF No. 479 at 4.)

Rule 1006 requires that the proponent of summary evidence make available at a reasonable time the original documents upon which the summary is based; the rule is silent as to the timing of disclosure of any such summary evidence. Nonetheless, courts have recognized that implicit in Rule 1006 is a requirement that the opposing party be given a reasonable opportunity to compare the original documents to the proposed summary to ensure the summary's accuracy. *See United States v. Isaacs*, 593 F.3d 517, 527 (7th Cir. 2010); *see also* Paul F. Rothstein, *Fed. Rules of Evidence* Rule 1006 (3d ed.) ("[I]t would seem that an opportunity for comparison of the chart to the documents would always be required to achieve fairness and assurances of accuracy, and to comport with the fair import of the rule.").

Absent sufficient pretrial disclosure of a proposed summary exhibit, the court may be forced to needlessly pause mid-trial to permit Wilder time to compare the original documents with the proposed summary. *See Canada Dry Corp. v. Nehi Beverage Co.*, 723 F.2d 512, 523 (7th Cir. 1983) (noting that it likely would be an abuse of discretion for a court to deny a party time to compare a summary exhibit to the original documents). To foster an efficient trial and to permit Wilder adequate time to prepare a defense, the court finds that pretrial disclosure is appropriate. In light of the nature and

complexity of the case against Wilder, the court concludes that disclosure of any summary exhibit not less than 30 days before trial is necessary to provide Wilder sufficient time to review the summary exhibit amidst all the other responsibilities that will come with preparation for this trial. Therefore, unless good cause necessitates later disclosure, the government shall disclose to Wilder not less than 30 days before the commencement of trial any summary exhibit it intends to use in its case in chief against Wilder.

## XII. Motion to Preserve Agent Notes

Bailey filed a motion asking the court to order the law enforcement agents who investigated this matter to preserve their rough notes. (ECF Nos. 424, 425.) The government responds that it has instructed its agents to preserve their notes. (ECF No. 463 at 1.) In reply, Bailey seeks no further relief. (ECF No. 496 at 3.) Accordingly, Bailey's motion (ECF No. 424) will be denied as moot.

## XIII. Motion to Disclose Confidential Informants and Unnamed Members of the Arms Enterprise

Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas ask the court to order the government "to disclose the identities, as well as related *Brady* and *Giglio* material, of those confidential informants relating to Count Twenty-Seven, including those who are transactional witnesses and those the government will call as witnesses in its case in chief at trial, not less than 60 days before the scheduled commencement of trial." (ECF No. 567 at 3.) The government agrees to do so (ECF No. 575), consistent

with the court's prior order regarding informants relevant to counts in the first superseding indictment, *Arms*, 2014 U.S. Dist. LEXIS 169380. Moreover, in response to the defendants' motion, the government identified those individuals it alleges were members of the Arms Enterprise, reserving the right to amend this list. (ECF No. 575 at 14.) Therefore, the defendants' motion is granted with respect to the disclosure of the identities of confidential informants relevant to Count Twenty-Seven and denied as moot with respect to the identities of members of the Arms Enterprise. To the extent that the defendants seek the true identity of any member of the Arms Enterprise who is protected by the informer privilege, this request is denied as set forth in the court's prior order, *Arms*, 2014 U.S. Dist. LEXIS 169380.

## XIV. Motions Adopted by Moffett

Moffett filed a notice stating he was adopting various motions filed by co-defendant Bailey (ECF No. 432.) Because the document was not filed as a motion, it was not readily recognizable as a request for relief amidst the hundreds of filings on the ECF system. Moreover, since the motions he adopts all relate to either Kevin R. Arms or Bailey, the court is not presented with any showing as to why Moffett is entitled to the same relief sought by those defendants. It is for these reasons, among others, that notices seeking to adopt motions of co-defendants are generally disfavored.

Moffett's joinder in certain motions filed by Kevin R. Arms or Bailey are readily resolved because the court in this decision has denied the relief requested by those

defendants (or denied the motion on the basis that it is moot and the basis for mootness applies equally to Moffett). Thus, Moffett is not entitled to the relief sought by his co-defendants in the motions filed as ECF Nos. 223, 327, 337, and 375. The court likewise defers to Judge Adelman regarding Moffett's attempt to join in Bailey's motion for a *Santiago* hearing. (ECF No. 369.)

However, further discussion is necessary regarding Moffett's attempt to join in Bailey's two motions for a bill of particulars. (ECF Nos. 283; 371.) As noted above, the court denied substantial portions of these motions. And to the extent that Bailey seeks dismissal of Count Five of the indictment (ECF No. 371), the court recommends the request be denied as moot. The rationale for these decisions applies equally to Moffett. However, although the government's bill of particulars mooted Bailey's request that he be told when he is alleged to have joined the conspiracy described in Count One, the government's bill of particulars did not provide that information as to Moffett—most likely because Moffett did not file a motion seeking that information. This highlights why a defendant attempting to adopt a co-defendant's motion is disfavored. By adopting Bailey's motion, Moffett was, in effect, asking that he be provided the same information that was being provided to Bailey. In this case, that was when *Bailey*, not Moffett, was alleged to have joined the conspiracy. The court presumes that is not what Moffett intended.

Although the request was presented awkwardly to the court, the court nonetheless concludes that Moffett is entitled to know when the government alleges he joined the conspiracy. Similarly, if the government alleges that Moffett left the conspiracy prior to the return of the indictment, Moffett is entitled to that information as well. Accordingly, the court orders the government to provide Moffett with a bill of particulars with that information.

## XV. Bailey's Motion to Suppress Identification and Request for an Evidentiary Hearing

Bailey filed a motion to suppress photograph identification related to his identification by six confidential informants. (ECF Nos. 376, 377.) Bailey does not know what procedures were employed for each identification and contends that an evidentiary hearing is necessary to determine whether the circumstances under which he was identified were unduly suggestive. (ECF No. 377 at 2.) If they were, then he asks that the identifications be suppressed.

The government opposes both the motion to suppress and the request for an evidentiary hearing. (ECF No. 458.) It argues that the individuals who identified Bailey all know him well. (ECF No. 458 at 3.) The government further states that the out-of-court identifications will not be introduced at trial. (ECF No. 458 at 4.) Rather, those individuals who identified Bailey through photographs will identify him in court. (ECF No. 458 at 4.) As such, it argues that Bailey has not shown that suppression or an evidentiary hearing is necessary. (ECF No. 458 at 1-2.)

In reply, Bailey states that "[a]fter further consideration, it is believed that the motion as it relates to all of the identifications, with the exception of [SOI] #10, should be withdrawn. Counsel will confer with Mr. Bailey to confirm that he will withdraw the motions within the next several days and will advise the Court accordingly." (ECF No. 496 at 7.) The court has not heard further from counsel for Bailey. However, Bailey's reply brief concludes by stating the he "maintains his request for an evidentiary hearing to challenge the identification of the defendant by SOI #10 on April 17, 2013." (ECF No. 496 at 8-9.) Given the last word heard from Bailey, the court understands him to have withdrawn his motion to suppress except for the identification of him by SOI #10, and as to the identification of him by SOI #10 he seeks an evidentiary hearing.

The government has offered to have Bailey's attorney meet with the agent involved in the identifications so he can learn the facts related to the circumstances surrounding the identifications. (ECF No. 377 at 3.) Bailey states only that "that has not yet occurred, and is unlikely that it would resolve the disputed circumstances and issues." (ECF No. 377 at 3.) Bailey gives no explanation as to why he has not taken the government up on its offer, nor has he explained how he knows that a debriefing by the agent involved in interviewing SOI #10 would not suffice in explaining the circumstances under which SOI #10 identified Bailey. Instead, Bailey simply contends that an evidentiary hearing is necessary to permit him to explore the five factors

relevant to discerning the reliability of an unduly suggestive identification procedure set forth in *Neil v. Biggers*, 409 U.S. 188, 198 (1972). (ECF No. 377 at 4.)

A defendant's constitutional right to due process can be violated if there is a "substantial likelihood of irreparable misidentification." *Gregory-Bey v. Hanks*, 332 F.3d 1036, 1044 (7th Cir. 2003) (quoting *Biggers*, 409 U.S. at 198). Before a court may determine that an identification procedure was unconstitutional, the defendant must first demonstrate that the procedures used were unduly suggestive. *Id.* at 1045 (citing *United States v. Traeger*, 289 F.3d 461, 473-74 (7th Cir. 2002); *United States v. Harris*, 281 F.3d 667, 670 (2002)). If the defendant successfully demonstrates that the identification procedure was unduly suggestive, the court must then evaluate the totality of the circumstances to determine whether the identification was nonetheless sufficiently reliable. *Id.*

"A trial court is required to grant a suppression hearing only when a defendant presents facts justifying relief." *United States v. Woods*, 995 F.2d 713, 715 (7th Cir. 1993) (citing *United States v. Hamm*, 786 F.2d 804, 807 (7th Cir. 1986)). The defendant has "the burden of presenting 'definite, specific, detailed, and nonconjectural facts' to establish that there was a disputed issue of material fact …." *United States v. Toro*, 359 F.3d 879, 885 (7th Cir. 2004) (citing *United States v. Rodriguez*, 69 F.3d 136, 141 (7th Cir. 1995)). A defendant who offers only vague or conclusory allegations fails in his burden to present a prima facie showing of illegality. *Id.* (citing *United States v. Randle*, 966 F.2d 1209, 1212

(7th Cir. 1992)); *see also United States v. McGaughy*, 485 F.3d 965 (7th Cir. 2007) (quoting *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004)). The general desire to "put the government to its proof" is not a sufficient reason for holding an evidentiary hearing.

Although the government does not intend to introduce the out-of-court identification at trial, the court must analyze whether the procedure was unduly suggestive and unreliable; if it was, it might infect any subsequent in-court identification. According to Bailey, SOI#10 was interviewed by law enforcement at least three times regarding this investigation. The first interview was in 2012, at which time SOI#10 "directly implicated [Bailey] in the conspiracy alleged in the indictment." (ECF No. 496 at 7.) In January of 2013, SOI#10 "was shown several photographs, apparently from a photographic book." (ECF No. 496 at 7.) From these photographs, SOI#10 identified Bailey as someone he or she knew. (ECF No. 496 at 7.) In April of 2013, SOI#10 was again interviewed and shown three photographs from which SOI#10 identified Bailey and two other alleged conspirators. (ECF No. 496 at 7-8.)

The government represents that the identification procedure used was the same with respect to each individual providing information to law enforcement about this case. (ECF No. 458 at 4.) Each person was shown a series of photographs, one at a time, and asked if he or she recognized the person in the photograph. (ECF No. 458 at 4.) Once all the photographs were shown, the person was questioned about his or her knowledge regarding certain persons he or she recognized. (ECF No. 458 at 4.)

The procedure used cannot be accurately called a show-up in which a witness is shown a photograph of a single individual and asked, in effect, "Is this the person?" *See, e.g., Stovall v. Denno*, 388 U.S. 293, 295 (1967). Nor was the procedure used akin to a line-up in which a witness is shown an array of photographs that contains one photograph of the suspect and photographs of several other similar looking individuals. *See, e.g., Coleman v. Alabama*, 399 U.S. 1, 3-5 (1970). The distinction is important because a show-up is generally regarded as inherently suggestive, *United States v. Hawkins*, 499 F.3d 703, 707 (7th Cir. 2007), requiring the court to determine whether it was necessary, and if not, whether the witness's identification was nonetheless reliable. *United States v. Sanders*, 708 F.3d 976, 985-86 (7th Cir. 2013). A line-up, on the other hand, is not presumed to be inherently suggestive.

Significant is the context in which SOI #10's identification of Bailey took place. As stated above, SOI#10 was no stranger to Bailey. Rather, law enforcement asked SOI#10 to identify Bailey from a photograph only to ensure that they were all talking about the same person. In a similar case, but where a witness was shown only a single photograph and asked if it was the person to whom she was referring, the Court of Appeals for the Seventh Circuit said it was "not particularly troubled but the use of this procedure." *Abrams v. Barnett*, 121 F.3d 1036, 1041 (7th Cir. 1997).

Bailey having failed to point to any "definite, specific, detailed, and nonconjectural facts" suggesting that the circumstances under which SOI #10 identified

him were unduly suggestive, *Toro*, 359 F.3d at 885, no basis exists for holding an evidentiary hearing. The procedures and rights attendant a criminal trial are sufficient to protect against the risk of misidentification. *See Perry v. New Hampshire*, 132 S. Ct. 716, 721, 728-29 (2012). If called to testify, counsel remains free to challenge SOI#10's in-court identification of Bailey through cross-examination, and ultimately it will be up to the jury to decide whether it believes SOI#10. Therefore, the court will deny Bailey's request for an evidentiary hearing and recommend that his motion to suppress (ECF No. 376) be denied.

### XVI. Conclusion

Therefore, for the reasons set forth above, the defendants' pending pretrial motions addressed herein are resolved as follows:

**IT IS HEREBY ORDERED** that John Bailey's first motion for a bill of particulars (ECF No. 283) is **denied in part**, **denied in part as moot**, and **granted in part**. Not less than 60 days before the scheduled commencement of Bailey's trial, the government shall provide to Bailey a bill of particulars indicating the date it alleges that he terminated his involvement in the conspiracy if the government alleges that he terminated his involvement in the conspiracy prior to the date of the indictment. The motion is denied in all other respects.

**IT IS FURTHER ORDERED** that John Bailey's motion to exclude (ECF No. 327) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that John Bailey's motion to compel (ECF No. 337) is **denied**. Absent good cause to excuse the lack of timely disclosure, not less than 60 days before trial the government shall disclose to Bailey any evidence it may seek to admit against Bailey pursuant to Rule 404(b).

**IT IS FURTHER ORDERED** that the court defers to Judge Adelman regarding John Bailey's motion for a *Santiago* hearing (ECF No. 369).

**IT IS FURTHER ORDERED** that John Bailey's second motion for a bill of particulars (ECF No. 371) is **moot** in light of the second superseding indictment and to the extent the motion is not moot it is **denied**.

**IT IS FURTHER RECOMMENDED** that John Bailey's motion to dismiss (ECF No. 371) be **denied as moot**.

**IT IS FURTHER ORDERED** that Maurice Handy's motion for disclosure of certain evidence (ECF No. 373) is resolved as follows:

1. Absent good cause to excuse the lack of timely disclosure, not less than 60 days before trial the government shall disclose to Handy any evidence it may seek to admit against Handy pursuant to Rule 404(b).

2. Handy's request for disclosure of confidential informants was resolved in this court's prior order (ECF No. 452).

3. The court defers to Judge Adelman regarding Handy's request for a *Santiago* proffer.

**IT IS FURTHER ORDERED** that John Bailey's motion for disclosure of the identity of unindicted co-conspirators (ECF No. 375) is **denied in part and denied in part as moot**. The government has identified the persons it alleges were co-conspirators. (ECF No. 541.) To the extent that this motion seeks the true names of persons who are protected informer privilege, this request is denied as set forth in this court's prior order (ECF No. 452).

**IT IS FURTHER ORDERED** that John Bailey's request for an evidentiary hearing (ECF No. 376) is **denied**.

**IT IS FURTHER RECOMMENDED** that John Bailey's motion to suppress (ECF No. 376) be **denied**.

**IT IS FURTHER ORDERED** that Kyle Carrington's motion to sever (ECF No. 386) is **granted**.

**IT IS FURTHER ORDERED** that the court defers to Judge Adelman regarding Kyle Carrington's motion for a *Santiago* hearing (ECF No. 387).

**IT IS FURTHER ORDERED** that Roosevelt Lee motion (ECF No. 391) is resolved as follows:

1. Lee's motion to strike surplusage from the indictment is **denied**.

2. Lee's motion to preserve right to move for severance under *Bruton* is **granted**.

3. Lee's motion to preclude opinion evidence is **denied without prejudice**.

4. Lee's motion to extend time to file pretrial motions was previously resolved by the court (*see* Text Only Order of Oct. 10, 2014; ECF No. 395).

**IT IS FURTHER ORDERED** that Glenn Wilder's motion for a bill of particulars (ECF No. 421) is **denied as moot**.

**IT IS FURTHER ORDERED** that Glenn Wilder's motion for notice of certain evidence (ECF No. 422) is resolved as follows:

1. The government shall make any expert disclosure under Fed. R. Crim. P. 16(a)(1)(G) not less than 60 days before the scheduled start of any trial of Wilder. Wilder shall make any reciprocal disclosure at least 15 days before trial.

2. Absent good cause to excuse the lack of timely disclosure, not less than 60 days before trial the government shall disclose to Wilder any evidence it may seek to admit against Wilder pursuant to Rule 404(b).

**IT IS FURTHER ORDERED** that Glenn Wilder's motion for early disclosure of summary evidence (ECF No. 423) is **granted**. Absent good cause to excuse the lack of timely disclosure, the government shall disclose to Wilder not less than 30 days before the commencement of Wilder's trial any summary exhibit it intends to use in its case in chief against Wilder.

**IT IS FURTHER ORDERED** that John Bailey's motion for a protective order regarding the agents' original investigative notes (ECF No. 424) is **denied as moot**.

**IT IS FURTHER ORDERED** that Timothy Cunningham's motion for a bill of particulars (ECF No. 426) is **denied in part and denied in part as moot.**

**IT IS FURTHER ORDERED** that John Bailey's "Motion for Disclosure of Grand Jury Minutes" (ECF No. 428) is **denied**.

**IT IS FURTHER ORDERED** that with respect to Phillip Moffett's adoption of the motions of John Bailey (ECF No. 432), the government shall provide to Phillip Moffett within 60 days of the date of this order a Bill of Particulars identifying when Phillip Moffett is alleged to have joined the conspiracy alleged in Count One of the second superseding indictment and, if he is alleged to have left the conspiracy prior to the return of the initial indictment, when he is alleged to have left the conspiracy.

With respect to all other relief sought by Phillip Moffett through his adoption of the motions of John Bailey, relief is denied.

**IT IS FURTHER ORDERED** that Maurice Handy's motion for a bill of particulars (ECF No. 434) is **denied in part and denied in part as moot.**

**IT IS FURTHER ORDERED** that Demerius Sholar's motion for a bill of particulars (ECF No. 436) is **denied as moot**.

**IT IS FURTHER RECOMMENDED** that Kevin R. Arms' motion to dismiss Count Five (ECF No. 446) be **denied as moot**.

**IT IS FURTHER ORDERED** that John Bailey's third motion for a bill of particulars (ECF No. 557) is **denied.**

IT IS FURTHER RECOMMENDED that John Bailey's motion to dismiss (ECF No. 557) be **denied**.

IT IS FURTHER ORDERED that Patricia Arms, Shenita Arms, Tremell Nicholas, and Shenise Arms's motion to sever (ECF No. 563) is **denied without prejudice**. Any renewed motion to sever under Rule 14 must be filed not later than 60 days before trial, unless a different deadline is set by the court.

IT IS FURTHER ORDERED that Shenese Arms' motion for a bill of particulars (ECF No. 564) is **granted in part and denied in part**. Not less than 60 days before Shenese Arms' trial, the government shall furnish to Shenese Arms a bill of particulars stating the approximate date she is alleged to have become a member of the conspiracy alleged in Count Twenty-Seven. The motion is denied in all other respects.

IT IS FURTHER RECOMMENDED that Cecil Arms, Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas' motion to dismiss Count Twenty-Seven (ECF No. 565) be **denied**.

IT IS FURTHER RECOMMENDED that Kevin R. Arms, Cecil Arms, Patricia Arms, Shenese Arms, Shenita Arms, and Tremell Nicholas' motion to dismiss Count Twenty-Seven (ECF No. 566) be **denied**.

IT IS FURTHER ORDERED that Patricia Arms, Shenese Arms, Shenita Arms, Tremell Nicholas' motion for disclosure of confidential informants and unnamed members of the Arms Enterprise (ECF No. 567) is **granted** with respect to the identities

of confidential informants. Disclosure shall be in accordance with the court's prior order. (ECF No. 452.) The motion is **denied as moot** with respect to the disclosure of members of the Arms Enterprise.

IT IS FURTHER ORDERED that Shenita Arms and Tremell Nicholas' motion for a bill of particulars (ECF No. 568) is **granted in part and denied in part**. Not less than 60 days before the defendants' respective trials on Count Twenty-Seven, the government shall furnish to the defendants a bill of particulars stating the approximate date each respective defendant is alleged to have become a member of the conspiracy alleged in Count Twenty-Seven. The motion is denied in all other respects.

IT IS FURTHER RECOMMENDED that Cecil Arms, Patricia Arms, Shenese Arms, Shenita Arms, Tremell Nicholas' motion to dismiss Count Twenty-Seven (ECF No. 569) be **denied**.

IT IS FURTHER ORDERED that in resolution of ECF No. 569, not less than 60 days before Cecil Arms' trial on Count Twenty-Seven, the government shall furnish to Cecil Arms a bill of particulars stating the approximate date Cecil Arms is alleged to have become a member of the conspiracy alleged in Count Twenty-Seven.

IT IS FURTHER ORDERED that Patricia Arms' motion for a bill of particulars (ECF No. 570) is **granted in part and denied in part**. Not less than 60 days before Patricia Arms' trial on Count Twenty-Seven, the government shall furnish to Patricia Arms a bill of particulars stating the approximate date Patricia Arms is alleged to have

become a member of the conspiracy alleged in Count Twenty-Seven. The motion is denied in all other respects.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Crim. P. 59(a) and (b)(2) whereby written objections to any order or recommendation herein or part thereof may be filed within fourteen days of the date of service of this recommendation and order or prior to the Final Pretrial Conference, whichever is earlier. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 3rd day of June, 2015.

WILLIAM E. DUFFIN
U.S. Magistrate Judge